## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAJOR TIMOTHY G. STEFAN, USMC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| UNITED STATES SPECIAL | ) |
| OPERATIONS COMMAND | ) |
| (USSOCOM); | ) |
| DEPARTMENT OF THE NAVY and | ) |
| UNITED STATES OF AMERICA. | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## COMPLAINT

Plaintiff Major Timothy G. Stefan, USMC ("Plaintiff"), by and through undersigned counsel, brings this Complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and, as appropriate, the Privacy Act, 5 U.S.C. § 552a, seeking declaratory and injunctive relief to compel Defendants United States Department of the Navy, United States Special Operations Command (USSOCOM), and the United States of America to provide timely and complete responses to Plaintiff's FOIA/PA requests and administrative appeals. Plaintiff alleges as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 5 U.S.C. § 552a(g)(1) (Privacy Act), and 28 U.S.C. § 1331 (federal question jurisdiction) (2023).

2.    Defendant Navy and its subordinate service, the U.S. Marine Corps, has utterly failed in their statutory responsibilities under FOIA and the Privacy Act in both responding and producing records required under the Acts as well as providing meaningful administrative appellate responses. Instead, there are simply assertions of indefinite and unreasonable delays at both the denial and appellate authority that deems further exhaustion futile.

3.    Defendant USSOCOM has failed to provide a timely determination or response to Plaintiff's requests and appeal under both FOIA and the Privacy Act. Accordingly, Plaintiff has constructively exhausted all required administrative remedies, as provided under 5 U.S.C. § 552(a)(6)(C)(i) (2023) and 5 U.S.C. § 552a(g)(1).

4.    Plaintiff has constructively exhausted all required administrative remedies, consistent with 5 U.S.C. § 552(a)(6)(C)(i). As explained below, Defendants failed to comply with statutory deadlines or otherwise provided indefinite delays, making further administrative attempts futile.

5.    Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B), because USSOCOM is a federal agency and the records at issue are maintained by a federal agency subject to FOIA and the Privacy Act

## II.    PARTIES

6.    Plaintiff Major Timothy G. Stefan, USMC ("Plaintiff") is an active-duty officer in the United States Marine Corps. He authorized Attorney Jason R. Wareham to submit FOIA/PA requests on his behalf to obtain government records relevant to

adverse administrative actions taken against him contrary to regulation. The records sought over a year ago were to support his petitions within the agency for relief from these adverse administrative actions that now impair his ability to promote and continue in his career.

7.    Defendant United States Department of the Navy is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). Its subordinate Marine Corps service and Initial Denial Authorities (IDAs) are responsible for reviewing and responding to FOIA/PA requests and appeals (Navy is used to describe both Navy and/or Marine Corps personnel or units), including:

    a.    IDA-1: Headquarters U.S. Marine Corps (HQMC), which partially denied a request on February 14, 2024.

    b.    IDA-2: Marine Forces Command (MARFORCOM).

    c.    IDA-3: Marine Forces Reserve (MARFORRES).

    d.    Code 14: The Office of the Judge Advocate General (OJAG), General Litigation Division, which adjudicates certain Navy/Marine Corps FOIA/PA administrative appeals.

8.    Defendant U.S. Special Operations Command (USSOCOM) is a separate component of the Department of Defense, subject to FOIA, that received a referral of Plaintiff's FOIA/PA request but has failed to provide any substantive determination.

9.    Defendant United States of America is named because the relief sought—injunctive and declaratory relief—runs against the sovereign, and the Department of the Navy and USSOCOM act as agents of the federal government.

### III.    FACTS

10.    On January 8, 2024, Plaintiff submitted a combined FOIA/Privacy Act request on behalf of Major Stefan to Headquarters U.S. Marine Corps (HQMC). The request was assigned tracking number 2024-USMCPA-000025. *See* **Exhibit 1**.

11.    The request sought:

a.    "All records, including electronically stored information (ESI) pertaining to Major Timothy Stefan, USMC (including all government emails, text messages, etc.) held within the government mobile devices and/or NGEN (formerly known as NMCI) system of records (or equivalent system—e.g., mail.mil, M365, etc.) for specific named individuals" and units, including USSOCOM.

b.    "All producible materials held by either Marine Forces Reserve and/or HQMC Records regarding Major Stefan," with a focus on ESI matching specified search terms.

12.    This request was meant to acquire records to assist Major Stefan in seeking relief within the U.S. Marine Corps for a series of arbitrary and capricious administrative actions that had, and are continuing to have, an adverse impact on his otherwise honorable Marine Corps career.

13.    These adverse impacts have resulted in his being passed over for promotion as well as preventing him from being assigned to advantageous billets and command positions.

14.    Major Stefan's Marine Corps career is effectively stopped.

15.    These easily and quickly accessible records are necessary evidence to support his administrative petition to show the arbitrary and capricious nature of the actions to the requisite administrative body within the U.S. Marine Corps and the Department of the Navy.

16.    Yet, due to the unreasonable and arbitrary stalling tactics of Defendants, he sits over a year later with practically none of the records to which he is entitled.

17.    On February 14, 2024, HQMC (IDA-1) issued a partial denial and referred the remaining portions of Plaintiff's request to:

      a.    MARFORCOM (IDA-2), tracking #2024-USMCPA-000027,

      b.    MARFORRES (IDA-3), tracking #2024-USMCPA-000028,

      c.    USSOCOM (IDA-4), tracking #USSOCOM FOIA 2024-225.

18.    Plaintiff's counsel changed firms on February 1, 2024, which delayed receipt of the February 14 determination. In the firm change, Plaintiff's counsel lost access to the email and login to the Secure Release platform and any notices sent by Defendant Navy.

19.    Plaintiff's counsel made regular attempts to access the Secure Release platform but it took several weeks to correct the email address and login associated

with the prior firm's email address such that the request records could brought forward to the new Secure Release login.

20.    Resultingly, Plaintiff's counsel did not receive actual notice of the partial denial or the 90-day appeal deadline until May 8, 2024, when HQMC resent the decision after communication was restored.

21.    Upon receiving the partial denial on May 8, 2024, Plaintiff's counsel promptly filed an administrative appeal on May 29, 2024 (tracking #2024-USMCAPPEAL-000031). This was 21 days after actual notice—well within 90 days as required by 5 U.S.C. § 552(a)(6)(A)(i)(III).

22.    The appeal challenged:

a.    The lack of any timely or sufficient response from IDA-2, IDA-3, or USSOCOM (IDA-4);

b.    IDA-1's claim that "emails and attachments are not retrieved from a Privacy Act System of Records," thus excluding the Privacy Act from the process;

c.    The adequacy of IDA-1's FOIA search, especially regarding the M365 platform.

23.    On August 22, 2024, Code 14 (OJAG, General Litigation Division) issued a decision (Ser 14/177) ("August 22 Decision"), which stated:

a.    IDA-1 Appeal: "Untimely"—alleging the appeal arrived "105 days after the adverse determination," ignoring Plaintiff's May 8 notice date.

b.     IDA-2: Remanded the request, directing IDA-2 to issue a final determination within 20 working days or provide rolling releases every 15 days.

c.     IDA-3: Deemed "moot," citing a March 12, 2024 production.

d.     USSOCOM (IDA-4): Code 14 asserted no appellate authority and forwarded the appeal to USSOCOM, stating it would take "no further action.".

24.    Specifically, Code 14 wrote:

a.     "With regards to IDA-1, your response was postmarked 105 days after the adverse determination. Thus, your appeal of IDA-1's final determination was submitted after the appeal deadline; accordingly, I am closing it without further action."

25.    Plaintiff disputes this calculation because counsel did not receive the final determination until May 8, 2024 despite reasonably diligent methods to attempt to gain access to the Secure Release system.

26.    USSOCOM received Plaintiff's referral (#USSOCOM FOIA 2024-225) and Code 14's forwarded appeal. Despite more than one year since the January 2024 request, USSOCOM has not acknowledged, produced records, or invoked any FOIA exemptions. Code 14 disclaimed appellate jurisdiction over USSOCOM, leaving Plaintiff with no effective administrative recourse.

27.    USSOCOM's silence constitutes an unlawful withholding and a constructive denial under FOIA, as it has not complied with 5 U.S.C. § 552(a)(6)(A) or provided any final determination.

28.     Moving to IDA-2, Code 14 specifically ordered IDA-2 to issue a final determination or provide rolling releases within 20 working days of the August 22 Decision. IDA-2 has not complied. Instead, it repeatedly advises counsel it is "still searching," with no deadline or partial productions. Over five months have passed since August 22, 2024, without a final determination or meaningful production, in violation of FOIA's 20-day response requirement and Code 14's explicit directive.

29.     Moreover, IDA-2's assertion of "still searching" is arbitrary and a delay tactic unto itself, considering the entire Department of the Navy and U.S. Marine Corps have transitioned their record and email systems into the Microsoft 365 ("M365") enterprise.

30.     This M365 enterprise has electronic discovery tools baked right in that can programmatically and efficiently scrape all necessary data stores using Boolean search terms in minutes.

31.     Regarding IDA-3, Code 14's August 22 Decision deemed Plaintiff's appeal of IDA-3 "moot," referencing a March 12, 2024 production. However, Plaintiff never received or fully accessed a comprehensive set of records.

32.     The original request was broader than any single set of communications; thus, but the production consisted primarily of a single account production from LtCol Matt Lesnowicz that appears incomplete. The agency must demonstrate it conducted a reasonable search and released all non-exempt records before an appeal can be deemed moot.

33. IDA-1 and Code 14 assert that "emails and attachments are not retrieved from a Privacy Act System of Records." Plaintiff maintains that this blanket exclusion of the Privacy Act may be incorrect and that whether government emails are retrieved by personal identifiers (e.g., name, rank, EDIPI) is a fact-intensive inquiry. Because the records specifically concern Plaintiff, the Privacy Act could apply if the agency indeed organizes or retrieves such records by his identifiers.

34. By failing to meet statutory deadlines or to rectify the alleged "untimeliness," Defendants have denied Plaintiff a meaningful administrative remedy. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative avenues and now seeks judicial relief.

35. On January 27, 2025, Plaintiff's counsel, Mr. Wareham, emailed LCDR Greggary E. Lines (Code 14) and others, renewing his appeal regarding FOIA/PA Request 2024-USMCAPPEAL-000031. Counsel highlighted ongoing unreasonable delays by IDA-2 and requested reconsideration of the timeliness denials for IDA-1 and IDA-3. The following day, January 28, 2025, LCDR Lines responded, stating:

a. "I'm in receipt of this request. I've reached out to IDA-2 and will get back to you when I receive information about the current status of your request post-remand. Code 14 will provide a more substantive response to the requests below after we receive that information."

36. Despite this assurance, Code 14 has provided no further update or substantive response to date. No firm timeline, interim release schedule, or additional communication followed, leaving Plaintiff without any meaningful

resolution. This continued pattern of indefinite delays and non-responsiveness further evidences the agency's failure to comply with FOIA's 20-day deadline and underscores the ongoing unreasonable delay by IDA-2 and Code 14 collectively.

37. The prejudice to Major Stefan's career continues from what should have been a simple records production.

## IV.    CLAIMS

### FIRST CLAIM FOR RELIEF
(Defendant USSOCOM - Violation of FOIA (Failure to Respond))

38. The plaintiff incorporates the above paragraph as if fully set forth herein.

39. USSOCOM received the referral (tracking #USSOCOM FOIA 2024-225) and the forwarded appeal from Code 14. It has not acknowledged, produced records, or otherwise responded, even though more than one year has passed since the FOIA/PA request. This is a constructive denial of Plaintiff's rights under 5 U.S.C. § 552(a)(6)(A)(i).

40. Under 5 U.S.C. § 552(a)(6)(A), Defendant USSOCOM must provide a determination on a FOIA request within 20 working days.

41. Defendant has not provided any determination or responsive documents for USSOCOM FOIA 2024-225, referred by HQMC.

42. Defendant's failure to comply with FOIA's statutory deadlines and requirements—specifically, 5 U.S.C. § 552(a)(3) (duty to make records available) and 5 U.S.C. § 552(a)(6)(A)(i) (timeliness).

## SECOND CLAIM FOR RELIEF
(Defendant USSOCOM - Violation of the Privacy Act (Failure to Respond))

43.    Plaintiff incorporates the above paragraphs as if fully set forth herein.

44.    Pursuant to 5 U.S.C. § 552a(d), Defendant USSOCOM must permit an individual, or his authorized representative, to access records about the individual that are maintained by the agency.

45.    Defendant has not provided any response or disclosed records related to Major Stefan, despite the validly filed Privacy Act requests associated with USSOCOM FOIA 2024-225.

46.    Defendant's failure to permit access to or disclosure of Major Stefan's records violates the Privacy Act, 5 U.S.C. § 552a(d).

## THIRD CLAIM FOR RELIEF
(Defendant Navy - Violation of FOIA
(Wrongful Denial of IDA-1 Appeal as "Untimely"))

47.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48.    FOIA requires at least 90 days to appeal an adverse determination. See 5 U.S.C. § 552(a)(6)(A)(i)(III). Plaintiff's counsel appealed on May 29, 2024, 21 days after receiving IDA-1's final determination on May 8—thus timely.

49.    Code 14's conclusion that the appeal was "105 days late" used the February 14 issuance date, ignoring delayed notice until May 8. This "untimeliness" ruling is arbitrary, capricious, and contrary to law, depriving Plaintiff of a merits

review regarding the withheld records, the Privacy Act claim, and the adequacy of IDA-1's search.

50.    Plaintiff seeks a declaration that this portion of the appeal was timely and an order requiring the Navy to adjudicate IDA-1's denial on the merits, including exemption claims and Privacy Act considerations.

**FOURTH CLAIM FOR RELIEF**
(Defendant Navy - Violation of FOIA
(Unreasonable Delay by IDA-2 Despite Remand))

51.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

52.    Code 14 remanded the request to IDA-2 on August 22, 2024, directing a final determination within 20 working days or rolling releases every 15 working days. IDA-2 has ignored these directives. Months later, no final determination or partial production has issued.

53.    Under 5 U.S.C. § 552(a)(6)(A)(i), an agency must respond to a FOIA request within 20 working days. The agency may extend this period only in limited, statutorily prescribed circumstances, and must provide a substantive final determination or rolling productions if additional time is legitimately needed.

54.    Despite these requirements, IDA-2 has repeatedly indicated via email that it is "still searching" with no defined completion date, effectively providing an indefinite timeline for the final response.

55.    By offering only vague assurances—rather than a specific production schedule or an estimated final determination date—IDA-2 has failed to meet FOIA's

prompt response obligation and has unreasonably delayed the release of responsive records.

56.    IDA-2's failure to provide any definite timeline or partial production violates FOIA's statutory requirements, depriving Plaintiff of the right to timely access government records.

57.    As a result of IDA-2's unreasonable delay, Plaintiff has been forced to seek judicial relief to compel compliance and obtain the records to which he is entitled.

## FIFTH CLAIM FOR RELIEF
### (Defendant Navy - Violation of FOIA
(Improper "Mootness" Finding for IDA-3))

58.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

59.    Code 14 declared Plaintiff's IDA-3 appeal "moot," based on an alleged March 12, 2024 production. Plaintiff never received or cannot confirm a complete set of records. The broader request named multiple custodians and systems, suggesting potential additional responsive materials.

60.    Under FOIA, an appeal is "moot" only if the agency demonstrates a reasonable search and provides all non-exempt documents or justified withholdings. IDA-3 has failed to show this. Plaintiff thus seeks a declaration that IDA-3's production is incomplete, requiring IDA-3 to conduct a thorough search and produce all remaining records.

61.

## V.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants United States Department of the Navy, U.S. Special Operations Command (USSOCOM), and the United States of America, and grant the following relief:

1. DECLARATORY RELIEF

    a.    Declare that Plaintiff's administrative appeal(s) (including but not limited to the appeal of the February 14, 2024, HQMC denial) were timely and improperly dismissed as "untimely";

    b.    Declare that Defendants have violated FOIA by failing to make a final determination and/or produce responsive, non-exempt records within the statutory 20 working-day timeframe as required by 5 U.S.C. § 552(a)(6)(A)(i);

    c.    Declare that any determination of "mootness" by Defendants is invalid unless and until Defendants can demonstrate a reasonable, complete, and adequate search and production of all non-exempt, responsive records;

    d.    Declare that Defendants have violated the Privacy Act, 5 U.S.C. § 552a, to the extent applicable, by failing to provide access to records retrievable by Plaintiff's personal identifiers;

2. INJUNCTIVE RELIEF

    a.    Enjoin Defendants to immediately conduct thorough, complete, and good-faith searches for all records responsive to Plaintiff's FOIA/PA requests—including electronic searches (e.g., NGEN, M365) and all

relevant custodians—and to produce all non-exempt records forthwith;

b. Enjoin Defendants to prepare and produce a Vaughn index (or equivalent detailed index) justifying any withholdings, in accordance with FOIA requirements, so that this Court and Plaintiff can assess the propriety of claimed exemptions;

c. Enjoin Defendants to cease all withholding of responsive records that are not clearly exempt under FOIA or the Privacy Act, and to provide rolling productions if additional time is legitimately needed, with strict deadlines for completion;

d. Enjoin Defendants to maintain and preserve all potentially responsive records, preventing alteration, destruction, or spoliation pending the outcome of this litigation;

e. Enjoin Defendants to adjudicate on the merits Plaintiff's appeals deemed "untimely" or "moot," including the adequacy of searches, the scope of responsive records, and any exemption claims, providing a new, lawful appeal determination as required under FOIA;

3. DISCOVERY / SCHEDULING / STATUS CONFERENCES

a. Issue immediate temporary orders Defendants to submit an expedited production schedule and/or status reports to the Court detailing their progress on locating and producing responsive records;

b. Order periodic status conferences or written updates to ensure compliance with the Court's orders and FOIA timelines;

c. Order that Defendants collect and produce all discovery relevant to the various failures to respond, unreasonable delays, inadequate searches, appellate responses, and any other relevant matter to this Complaint.

4. REMAND / FURTHER ADMINISTRATIVE ACTION

a. To the extent necessary, remand any or all aspects of Plaintiff's requests to appropriate decision-makers within the Navy or USSOCOM with instructions to comply with FOIA/PA obligations on a prompt, defined timeline;

b. Direct Defendants to reconsider any "mootness" or "untimeliness" determinations inconsistent with the Court's rulings and FOIA's procedural safeguards;

5. ATTORNEYS' FEES AND COSTS

a. Award Plaintiff reasonable attorneys' fees and litigation costs, including expert witness fees if applicable, pursuant to 5 U.S.C. § 552(a)(4)(E) for FOIA and 5 U.S.C. § 552a(g)(3)(B) for Privacy Act claims, or any other applicable statutory or equitable basis;

6. OTHER APPROPRIATE RELIEF

a. Grant such other and further relief as the Court deems just, equitable, and proper under the circumstances, including but not

limited to in camera review if necessary to resolve exemption disputes, or referral to mediation or dispute resolution services if warranted.

DATED this 6th day of February 2025.

Respectfully Submitted,

ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.

By: */s/ Jason R. Wareham*
    Jason r. Wareham (D.C.D.C. Bar No. 1658988)
    1600 Stout Street, Suite 1900
    Denver, Colorado 80202
    (303) 534-4499
    JWareham@allen-vellone.com

    COUNSEL FOR PLAINTIFF